UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL MILLER,

    Plaintiff

v.

JOHN KEAST, et al.,

    Defendants

Case No.: 3:23-cv-00371-MMD-CSD

**Order**

Re: ECF Nos. 11, 12

Plaintiff suffered burns to most of his body as a result of a house fire when he was a small child. Before being incarcerated, he received skin grafts and other treatment through UNLV, including the placement of a soft tissue expander near his right hip (to expand the soft tissue so the scar contracture could be excised on the right side), but this did not occur, likely because he was subsequently incarcerated. He also suffered from a granuloma on the right eyelid that required surgery. He alleges that his surgeon had ordered ongoing skin grafts, eyelid reconstruction surgery, removal of the soft tissue expander, and pain management for his burns and related conditions.

The court screened his complaint and allowed him to proceed with a retaliation claim against Dr. Halki based on allegations that Dr. Halki knew about his required treatment but failed to provide it because Plaintiff complained about Dr. Halki working while intoxicated. He was also allowed to proceed with an Eighth Amendment deliberate indifference to serious medial needs claim against Dr. Halki, Director of Nursing Keast, and Hartman (whom he alleges denied his grievance on the issue) regarding the need for skin grafts, eyelid reconstruction surgery,

removal of the soft tissue expander, and pain management for his burns and related conditions. (ECF No. 6.)

Plaintiff subsequently filed a motion for temporary restraining order (TRO) and preliminary injunction (PI) seeking an order that he be sent to outside medical facilities for his burns, eye condition, orthopedic and gastric issues to diagnose and treat his conditions.[1] (ECF Nos. 11, 12.)

According to the medical records submitted by Defendants in support of their opposition to the motions, Dr. Benson[2] requested a consultation with plastic surgery regarding the tissue expander and the right eye surgery on June 22, 2022, which was approved by the Utilization Review Committee (URC) on June 29, 2022. (ECF No. 15-4 at 2.) A plastic surgery consultation was also requested on July 25, 2022, regarding the eye granuloma which required surgical removal. (ECF No. 15-2 at 3.) There is a notation on August 1, 2022, that the consultation with plastic surgery was previously approved. (ECF No. 15-3 at 2.)

Plaintiff complained of eye pain and difficulty seeing and bleeding in July 2023, and it was noted that the surgical consultation had been approved and was pending scheduling. (ECF No. 15-1 at 2-3.)

Plaintiff eventually saw plastic surgeon Scott Wyrie on January 26, 2024. Dr. Wyrie referred Plaintiff to Dr. Marcus Ko[3] for evaluation and treatment of the large eyelid granuloma.

---

[1] Plaintiff is not proceeding with claims concerning orthopedic or gastric issues so it is unlikely Plaintiff will be successful in obtaining injunctive relief with respect to these conditions.

[2] Dr. Benson is not currently named a defendant, though after reviewing the medical records provided by Defendants it is likely Plaintiff may seek leave to amend to add him as well as members of the URC as defendants.

[3] Dr. Ko is an ophthalmologist who performs eye plastic surgery. *See* Eyelid Surgery Reno | Nevada Eye Plastic Surgery (nveyeplasticsurgery.com), last visited October 24, 2024.

2

Dr. Wyrie also evaluated the soft tissue expander, which was causing Plaintiff pain, and determined that it was "certainly indicated to remove the expander," but requested imaging be performed before scheduling the surgery. (ECF No. 15-7 at 3-4.)

On July 29, 2024, Dr. Benson requested an urgent consultation with plastic surgeon Dr. John P. Brosius, noting Plaintiff had an eyelid granuloma with symptomatic bleeding that was rapidly glowing, as well as the presence of a right flank tissue expander. Dr. Benson indicated Plaintiff was a patient of Dr. Brosius prior to his incarceration and Dr. Brosious had previously agreed to perform the required surgery on the eyelid and right flank tissue expander and to perform the needed skin grafts and contracture repair. (ECF No. 15-6 at 2.)

There is no indication that some 10 months after the consultation with Dr. Wyrie, and three months after Dr. Benson's request for an *urgent* consultation with Dr. Brosius, that anything further has occurred with respect to the treatment for Plaintiff's eyelid, removal of the tissue expander, or any further skin grafts or contracture repair. There are no records demonstrating that the imaging requested by Dr. Wyrie has occurred, or that Plaintiff has been referred to an ophthalmologist as recommended.

The court will require Defendants to provide a declaration from a physician with knowledge of Plaintiff's conditions and treatment (whether Dr. Halki, Dr. Benson or the NDOC Medical Director, or other treating physician within NDOC) regarding the status of the requested referral to Dr. Brosious and the treatment for removal of the tissue expander, surgical removal of the eyelid granuloma, any further skin grafts and contracture repair required, and pain management for Plaintiff's burns.

///

///

**CONCLUSION**

On or before **October 31, 2024**, Defendants shall provide a declaration from a physician with knowledge of Plaintiff's conditions and treatment (whether Dr. Halki, Dr. Benson or the NDOC Medical Director, or other treating physician within NDOC) regarding the status of the requested referral to Dr. Brosious and the treatment for removal of the tissue expander, surgical removal of the eyelid granuloma, any further skin grafts and contracture repair required, and pain management for Plaintiff's burns. The declarant shall be prepared to testify at a hearing on Plaintiff's motions for injunctive relief if deemed necessary by the court after reviewing the declaration.

**IT IS SO ORDERED**.

Dated: October 24, 2024

_____
Craig S. Denney
United States Magistrate Judge