UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL MILLER,

Plaintiff,

v.

JOHN KEAST, *et al.*,

Defendants.

Case No.: 3:23-cv-00371-MMD-CSD

ORDER

*Pro se* Plaintiff Michael Miller, who is currently incarcerated in the custody of the Nevada Department of Corrections at Northern Nevada Correctional Center ("NNCC"), filed a civil rights complaint under 42 U.S.C. § 1983 against John Keast, Dr. Halki, Jessica Rambur, and Jane Doe Scheduler for events that allegedly happened while he was incarcerated at NNCC. (ECF Nos. 1, 1-1.) Following screening of Miller's first amended complaint ("FAC") (ECF No. 5), the Court allowed him to proceed on a retaliation claim against Dr. Halki and an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Halki, Director of Nursing Keast, and Lieutenant Hartman (whom he alleges denied his grievance on the issue) regarding Miller's need for skin grafts, eyelid reconstruction surgery, removal of soft tissue expander, and pain management for his burns and related conditions. (ECF No. 6.) Miller subsequently filed a motion for temporary restraining order ("TRO") and preliminary injunction ("PI") asserting lack of adequate treatment for pain management and seeking an order that he be sent to an outside medical facility for his conditions, including burns, the eye condition, and orthopedic and gastric issues. (ECF Nos. 11, 12 (collectively referred to as "Motion").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 64), recommending the Court denies the Motion. (ECF

No. 64 at 8-9.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R.

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Denney recommends the Court deny the Motion because Miller failed to provide sufficient evidence showing a likelihood of irreparable harm in the absence of relief. (ECF No. 64 at 9.) As to the inadequate pain management portion of the Motion, Judge Denney recommends denial without prejudice because Miller neither plausibly alleged that Defendants refused to treat his pain relief nor properly identified the "who" behind the claim. (*Id.* at 8-9.) Moreover, Defendants have provided sufficient evidence that Miller is receiving several pain management and anti-inflammatory medications (e.g., Cymbalta, Baclofen, and Meloxicam), which Miller does not refute. (*Id.* at 8.) Judge Denney also recommends denial as to Miller's request for treatment for orthopedic and gastric issues, as he is no longer proceeding with those claims. (*Id.*) Judge Denney further recommends that Miller's Motion be denied insofar as he seeks an order to receive treatment related to tissue expander, skin grafts, or contracture repair because Miller is no longer proceeding with these requests. (ECF No. 64 at 8.) In addition, Judge Denney recommends that Miller's request for relief concerning his eyelid granuloma treatment be denied as moot because he has since received treatment. (*Id.*) Having reviewed the R&R, Judge Denney did not clearly err.

///

///

///

///

///

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 64) is accepted and adopted in full.

It is further ordered that Miller's motions for TRO and for PI (ECF Nos. 11, 12) are denied. Denial of the Motion to the extent Miller is seeking preliminary injunctive relief as to pain management for his burns is without prejudice.

DATED THIS 28th Day of July 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE