UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL MILLER,

                              Plaintiff,

        v.

JOHN KEAST, *et al.*,

                              Defendants.

Case No.: 3:23-cv-00371-MMD-CSD

ORDER

## I.    SUMMARY

*Pro se* Plaintiff Michael Miller, who is currently incarcerated in the custody of the Nevada Department of Corrections at Northern Nevada Correctional Center ("NNCC"), filed a civil rights complaint (ECF No. 1-1 ("Complaint")) under 42 U.S.C. § 1983 against John Keast, Dr. Halki, Jessica Rambur, and Jane Doe Scheduler for events that allegedly occurred while incarcerated at High Desert State Prison ("HDSP"). (ECF Nos. 1, 1-1.) Following screening of Miller's first amended complaint ("FAC") (ECF No. 5), the Court allowed him to proceed on a First Amendment retaliation claim against Dr. Halki and an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Halki, Director of Nursing Keast, and Lieutenant Hartman (whom he alleges denied his grievance on the issue) regarding Miller's need for skin grafts, eyelid reconstruction surgery, removal of soft tissue expander, and pain management for his burns and related conditions.[1] (ECF No. 6 ("Screening Order").) Defendants subsequently filed a motion for summary judgment asserting that: (1) Miller's Eighth Amendment claim fails for lack of

---

[1]Miller subsequently filed motions for temporary restraining order and preliminary injunction asserting lack of adequate treatment for pain management and seeking an order that he be sent to an outside medical facility for his conditions, including burns, the eye condition, and orthopedic and gastric issues. (ECF Nos. 11, 12.) The Court denied the motions. (ECF No. 65.)

1  injury or causation; (2) Miller's First Amendment retaliation claim fails due to insufficient

2  evidence that Dr. Halki took adverse action against him or that Dr. Halki had knowledge

3  of Miller's protected conduct; (3) Miller failed to exhaust his administrative remedies; (4)

4  Defendant Hartman did not personally participate in violating Miller's rights; and (5)

5  Defendants are entitled to qualified immunity.[2] (ECF No. 71 ("Motion").) Before the Court

6  is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S.

7  Denney (ECF No. 80), recommending the Court grant the Motion in part and deny it in

8  part. (ECF No. 80 at 1, 22.) To date, no objections to the R&R have been filed. Because

9  there is no objection, and, as further explained below, the Court will adopt the R&R in full.

10  **II.  RELEVANT BACKGROUND**

11      **A.    Miller's Allegations**

12          The Court previously screened Miller's Complaint (ECF No. 1-1) and found that it

13  stated a colorable retaliation claim under the First Amendment against Dr. Halki and a

14  colorable Eighth Amendment deliberate indifference to serious medical needs claim

15  against Dr. Halki, Director of Nursing Keast, and Lieutenant Hartman. (ECF No. 6.) The

16  following facts are taken from the Court's Screening Order and adapted from the

17  Complaint.[3]

18          Miller alleges that he suffered extensive burn injuries as a child and required

19  ongoing skin grafts and eyelid surgery. (*Id.* at 3-4.) He further alleges that, while detained

20  and awaiting trial, a tissue expander was placed that later required removal. (*Id.* at 4.)

21  Miller alleges that Defendants were aware of these specialized medical needs but failed

22  to provide appropriate treatment despite his repeated requests for care and pain

23  medication. (*Id.*)

24          Miller further alleges that Dr. Halki was responsible for his medical care during

25  portions of his incarceration at HDSP but failed to provide the necessary treatment (i.e.,

26  for skin grafts, eyelid reconstruction surgery, removal of tissue expander) to address his

27  _____

28      [2]Plaintiff filed a response (ECF No. 78), and Defendants replied (ECF No. 79).

        [3]The following facts are undisputed unless otherwise noted.

extreme pain. (*Id.*) Moreover, Miller claims that, because Dr. Halki appeared intoxicated and smelled of alcohol during medical appointments, Miller reported his concerns to prison staff. (*Id.* at 4-5.) According to Miller, Dr. Halki's failure to treat him and provide him with pain medications was retaliatory as a result. (*Id.* at 7.) Miller further alleges that Defendant Keast, as Director of Nursing and supervisor of Dr. Halki, permitted him to continue providing medical care despite Miller's complaints.[4] (*Id.* at 5.) Finally, Miller asserts that he filed an informal-level grievance (Grievance No. 20063154665) on July 5, 2023, regarding the ongoing failure to address his medical needs, which Defendant Lieutenant Hartman denied.[5] (*Id.* at 4.)

## III.    DISCUSION

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). First, the Court will address Judge Denney's recommendations as to the Eighth Amendment deliberate indifference to serious medical needs claim against Lieutenant Hartman, Keast, and Dr. Halki, including Defendants' exhaustion[6] and qualified immunity arguments, before turning to the First Amendment retaliation claim against Dr. Halki.

///

---

[4]According to his declaration, Keast previously served as Director of Nursing at NNCC, where his duties were primarily administrative and did not include supervising physicians, including Dr. Halki. (ECF No. 71-8.)

[5]Defendants respond that Miller filed a grievance assigned to Jessica Rambur and Christy Coss. (ECF No. 71 at 9; *see also* ECF No. 71-1 at 4.) Although Hartman, as grievance coordinator, knew a grievance had been filed, he did not personally respond and had no independent knowledge of Miller's medical condition. (ECF No. 71 at 9.) Hartman, who is neither medically trained nor part of the prison medical staff, simply forwarded Miller's grievance to the appropriate party. (ECF No. 71-7.)

[6]The Magistrate Judge only addresses exhaustion as to the Eighth Amendment claim against Dr. Halki. (ECF No. 80 at 15.)

### A. Eighth Amendment Deliberate Indifference to Serious Medical Needs Claim

Judge Denney analyzes Defendants' Motion on the Eighth Amendment deliberate indifference to serious medical needs claim against Lieutenant Hartman, Keast, and Dr. Halki and recommends granting the Motion in Hartman's and Keast's favor and in part as to Dr. Halki.[7] (*See* ECF No. 80 at 5-9.) Judge Denney recommends denying the Motion as to the portion of the claim arising from Dr. Halki's alleged failure to respond to Miller's need for plastic surgery (i.e., skin grafts, eyelid surgery, and tissue expander removal) (*id.* at 12-13) before turning to Defendants' qualified immunity (*id.* at 13-14) and exhaustion (*id.* at 15-22) arguments. Having reviewed this portion of the R&R, Judge Denney did not clearly err.

First, Judge Denney recommends the Court grant summary judgment in Lieutenant Hartman's favor based on an absence of genuine dispute of material fact that Hartman was aware of and deliberately disregarded a risk to Miller's health. (ECF No. 80 at 7.) Liability under Section 1983 claims requires a "showing of personal participation in the alleged rights deprivation," *see Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002), and, here, there is insufficient evidence that Harman's involvement rose to the level of "personal participation," as he did not review, investigate, or respond to Miller's grievances. (*Id.*) The Court agrees and will grant Defendants' Motion on the issue of Eighth Amendment deliberate indifference as applied to Lieutenant Hartman.

As to Keast's alleged involvement in the Eighth Amendment violation, Judge Denney likewise concludes that Miller fails to raise a genuine dispute of material fact given Keast's lack of supervisory authority. (ECF No. 80 at 8.) Specifically, Miller offers

---

[7]Miller's Eighth Amendment allegations against Dr. Halki are two-fold: (1) Dr. Halki refused to prescribe sufficient pain medication to alleviate his extreme pain; and (2) Dr. Halki failed to respond to his need for medical treatment (i.e., skin grafts, eyelid reconstruction surgery, and tissue expander removal). (ECF No. 80 at 8.) The Magistrate Judge recommends granting summary judgment in Dr. Halki's favor on the Eighth Amendment deliberate indifference claim only as it relates to the pain medication. (*Id.* at 8-9, 22.)

1   insufficient evidence that Keast supervised Dr. Halki or was aware of Miller's medical

2   condition or any complaints concerning Dr. Halki, nor does he address Keast's declaration

3   regarding his role as Director of Nursing, including his lack of supervisory duties. (*Id.*; *see*

4   *also* ECF No. 71-8.) Accordingly, the Court will grant Defendants' Motion as applied to

5   Keast.

6           Next, Judge Denney recommends granting summary judgment in Defendant Dr.

7   Halki's favor on the Eighth Amendment deliberate indifference claim as it relates to

8   prescribed pain medication. (ECF No. 80 at 11.) The record contradicts Miller's assertion

9   that Dr. Halki refused to prescribe anything other than ibuprofen; rather, the evidence

10  shows that Dr. Halki prescribed Baclofen—a pain management medication—after Miller

11  failed to tolerate Elavil. (*Id.* at 9; *see also* ECF No. 71-6.) Thus, the undisputed evidence

12  does not support a finding of deliberate indifference with respect to Dr. Halki's role in pain

13  management. (ECF No. 80 at 11.) The Court agrees and, accordingly, will grant summary

14  judgment in Dr. Halki's favor on this aspect of the Eighth Amendment claim.

15          Separately, Judge Denney recommends denying the Motion as to Dr. Halki's

16  alleged failure to timely respond to Miller's need for medical treatment—specifically, for

17  plastic surgery for skin grafts, eyelid surgery, and tissue expander removal. (*Id.* at 12-13.)

18  It is undisputed that Miller did not receive a plastic surgery consultation until January 26,

19  2024. (*Id.* at 12.) As the Magistrate Judge correctly explains, although Dr. Halki may not

20  have caused the entire delay, there is a genuine dispute of material fact as to whether he

21  bears responsibility for at least a portion of that delay, which likely led to further injury.[8]

22  (*Id.* at 13.) Accordingly, the Court will deny summary judgment on the Eighth Amendment

23  claim against Dr. Halki arising from the delay in Miller's receipt of a plastic surgery

24  consultation.

25  ///

26  ///

27

28          [8]Delay in providing medical care is actionable where it leads to further injury. *See
    Stewart v. Aranas*, 32 F.4th 1192, 1195 (9th Cir. 2022).

1    Judge Denney further concludes that Dr. Halki is not entitled to immunity on the

2    Eighth Amendment deliberate indifference claim proceeding against him.[9] (*Id.*) As

3    discussed above, Dr. Halki likely contributed to the delay in Miller's medical treatment.

4    (*Id.*) As a result, the Court agrees that Dr. Halki violated Miller's clearly established Eighth

5    Amendment rights when he acted with deliberate indifference to Miller's serious medical

6    needs by delaying necessary medical care, where such delay likely resulted in further

7    injury. (*See id.*) For this reason, the Court rejects the qualified immunity defense and will,

8    as stated, deny summary judgment on the Eighth Amendment claim against Dr. Halki

9    arising from the delayed medical treatment.

10    Judge Denney further recommends denying Defendants' exhaustion argument.[10]

11    Although Miller did not timely complete the grievance process for his initial informal

12    grievance (Grievance No. 20063142838) regarding the delayed plastic surgery

13    consultation for skin grafts, eyelid, and tissue expander removal (*see id.* at 10, 19), Judge

14    Denney notes that administrative remedies were ultimately rendered unavailable to him.[11]

15    (*Id.* at 20-21.) That is, prison officials repeatedly rejected or declined to accept his

16    grievances on contradictory procedural grounds (*id.* at 21), which foreclosed meaningful

17    access to the grievance process such that "no ordinary prisoner [could] make sense of

18    what [the remedy] demands." *See Ross v. Blake*, 578 U.S. 632, 644 (2016) (internal

19    citation omitted). As a result, the Court agrees that, because administrative remedies

20

21    [9]To determine whether qualified immunity applies, the Court must consider "(1)
22    whether the official violated a constitutional right and (2) whether the constitutional right
      was clearly established." *C.B. v. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2014)
23    (internal citation omitted).

24    [10]The Magistrate Judge only addresses exhaustion as to the remaining Eighth
      Amendment claim that is recommended to proceed against Dr. Halki. (ECF No. 80 at 15.)
25

26    [11]The Prison Litigation Reform Act requires *proper* exhaustion. *See Woodford v.
      Ngo*, 548 U.S. 81, 89 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.
27    2002)) ("proper exhaustion" means "using all steps the agency holds out"); *but see Sapp
      v. Kimbrell*, 623 F.3d 813, 821-27 (explaining proper exhaustion, and recognizing an
28    exception to the requirement where a prison official renders administrative remedies
      effectively unavailable).

6

1    were effectively unavailable to Miller before he filed his operative amended complaint,

2    Defendants have not met their burden on exhaustion, and summary judgment on this

3    ground must be denied. Accordingly, the Court rejects Defendants' exhaustion argument

4    and, as stated, will deny the remaining Eighth Amendment claim against Dr. Halki.

5        **B.    First Amendment Retaliation Claim**

6        Judge Denney recommends granting summary judgment in Dr. Halki's favor on

7    the First Amendment retaliation claim[12], concluding that there is no genuine dispute of

8    material fact that Dr. Halki retaliated against Miller by denying him medical treatment.

9    (ECF No. 80 at 14-15.) In particular, Judge Denney notes that because Miller fails to

10   present sufficient evidence that Dr. Halki was aware of his reports to prison staff that the

11   doctor smelled like alcohol during medical visits, Miller cannot show that his reporting

12   motivated the retaliatory conduct in question. (*Id.*) The Court agrees with Judge Denney

13   that Defendants have met their initial burden on summary judgment and, therefore, will

14   grant the Motion as to Defendants' causation arguments surrounding the First

15   Amendment retaliation claim.[13]

16   ///

17   ///

_____

18       [12]The First Amendment guarantees prisoners the right to "seek redress of
19   grievances from prison authorities." *Jones*, 791 F.3d at 1035 (internal citations omitted).
     To succeed on a § 1983 retaliation claim for engaging in activity protected by the First
20   Amendment in the prison context, a plaintiff must make: "(1) [a]n assertion that a state
     actor took some adverse action against an inmate (2) because of (3) that prisoner's
21   protected conduct, and that such action (4) chilled the inmate's exercise of his First
     Amendment rights, and (5) the action did not reasonably advance a legitimate correctional
22   goal." *Id.* (citing *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)). "A plaintiff
     must show that his protected conduct was the 'substantial' or 'motivating' factor behind
23   the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, at 1271 (9th Cir. 2009) (citing
     *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989)).
24

25       [13]The moving party bears the burden of showing that there are no genuine issues
     of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). To
26   satisfy their initial burden, here, Defendants may present evidence to negate an essential
     element of Miller's claim or demonstrate that Miller cannot establish an element of his
27   claim upon which he has the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477
     U.S. 317, 323-25 (1986) ("[A] complete failure of proof concerning an essential element
28   of the nonmoving party's case necessarily renders all other facts immaterial.").

1    Moreover, Miller argues in his opposition that the "paperwork, medical records, and

2    course of action" demonstrate that Dr. Halki failed to provide medical care. (ECF No. 80

3    at 14; *see also* ECF No. 79 at 4). However, as Judge Denney correctly points out,

4    because Miller is unable to show that Dr. Halki knew of the reporting, he cannot provide

5    sufficient evidence to establish a causal link between the alleged adverse action, i.e., the

6    retaliatory denial of medical treatment, and the protected conduct, i.e., the reporting of

7    the alleged misconduct related to alcohol. (ECF No. 80 at 15.) Even viewing the record in

8    the light most favorable to Miller[14], the Court finds that a reasonable juror could similarly

9    conclude that the protected conduct could not have caused or motivated the alleged

10   adverse action. The Court will therefore grant the Motion as to Defendants' arguments

11   concerning the retaliation claim against Dr. Halki.

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27

28         [14]In evaluating a summary judgment motion, a court views all facts and draws all
     inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v.
     Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

IV.    **CONCLUSION**

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 80) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 71) is granted in part and denied in part. The Motion is granted as to the Eighth Amendment claim against Defendants Hartman and Keast and against Dr. Halki related only to the pain medication, and as to the First Amendment retaliation claim against Dr. Halki. The Motion is denied as to the Eighth Amendment claim against Dr. Halki based on the delay in Miller's receipt of a plastic surgery consultation regarding his skin grafts, eyelid surgery, and tissue expander removal.

It is further ordered that this case is referred to the Magistrate Judge to conduct a settlement conference. The proposed joint pretrial order will be due within 30 days from the settlement conference, assuming settlement is not effectuated.

DATED THIS 7th Day of January 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

9